UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

        *Plaintiff*,

v.

MCNAUGHTON-MCKAY ELECTRIC
COMPANY,

        *Defendant*.

CIVIL ACTION NO. 15-13159-IT

## ANSWER TO COMPLAINT AND JURY DEMAND

Intervenor OSRAM SYLVANIA, Inc. ("OSI" or "Intervenor"), as and for its Answer to the Complaint and Jury Demand ("Complaint") of Plaintiff Photographic Illustrators Corporation ("PIC" or "Plaintiff"), alleges as follows:

## THE PARTIES

1.    Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies the same.

2.    Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

3.    Intervenor admits that the Complaint purports to assert claims under: (1) the Copyright Act of the United States (17 U.S.C. §§ 101, *et. seq.*) ("Copyright Act") and the Digital Millennium Copyright Act (which is encompassed by the Copyright Act); and (2) Mass. Gen. L. ch. 93A. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint and therefore denies the same.

4. Intervenor admits that the parties are citizens of different states and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and therefore denies the same.

5. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and therefore denies the same.

6. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore denies the same.

7. Intervenor admits that employees at OSI were able to view a website at www.mc-mc.com but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies the same.

8. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies the same.

9. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore denies the same.

10. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore denies the same.

11. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies the same.

**PIC'S [ALLEGEDLY] COPYRIGHTED IMAGES**

12. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies the same.

13. Intervenor admits that OSI retained PIC to photograph certain of its products but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint and therefore denies the same.

14. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore denies the same.

15. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies the same.

16. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies the same.

17. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore denies the same.

18. Intervenor denies that Defendant engaged in copyright infringement. Paragraph 18 sets forth legal conclusions concerning "publication" of images to which no response is required. To the extent any response is required, or any further allegations are included, Intervenor denies those allegations.

19. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies the same. To the extent the allegations contained in the graphic below Paragraph 19 of the Complaint are incorporated, Intervenor denies the same.

20. Intervenor admits that some images Plaintiff provided to OSI may have included a putative notice of copyright in the name of Paul Picone/PIC but otherwise denies the allegations of Paragraph 20 of the Complaint.

21. Intervenor admits it may have received the image contained in Paragraph 21 from Plaintiff but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies the same. To the extent the allegations contained in the graphic below Paragraph 21 of the Complaint are incorporated, Intervenor denies the same.

22. Intervenor admits it sometimes uses images allegedly authored by PIC but otherwise denies the allegations of Paragraph 22 of the Complaint.

23. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore denies the same.

24. Intervenor admits that some of the images it provides to distributors may have included a putative notice of copyright in the name of Paul Picone/PIC but otherwise denies the allegations of Paragraph 24 of the Complaint.

**MCNAUGHTON MCKAY'S [ALLEGED] UNAUTHORIZED ALTERATION AND USE OF PIC IMAGES**

25. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and therefore denies the same.

26. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore denies the same.

27. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore denies the same.

28. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies the same.

29. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and therefore denies the same.

30. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore denies the same.

31. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and therefore denies the same. To the extent the allegations contained in the graphic below Paragraph 31 of the Complaint are incorporated, Intervenor denies the same.

32. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore denies the same.

33. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint and therefore denies the same. To the extent the allegations contained in the graphic below Paragraph 33 of the Complaint are incorporated, Intervenor denies the same.

34. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies the same.

35. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and therefore denies the same. To the extent the allegations contained in the graphic below Paragraph 36 of the Complaint are incorporated, Intervenor denies the same.

37. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and therefore denies the same. To the

extent the allegations contained in the graphic below Paragraph 37 of the Complaint are incorporated, Intervenor denies the same.

38.  Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and therefore denies the same.

39.  Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and therefore denies the same.

40.  Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and therefore denies the same.

41.  Intervenor denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 of the Complaint and therefore denies the same.

42.  Intervenor admits that it provided images to Trade Service Company, which in turn provided images to McNaughton-McKay with OSI's authorization. Intervenor denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.  Intervenor admits that it provided images to Trade Service Company, which in turn provided images to McNaughton-McKay with OSI's authorization. Intervenor denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.  Intervenor denies the allegations contained in Paragraph 44 of the Complaint.

45.  Intervenor denies the allegations contained in Paragraph 45 of the Complaint.

46.  Intervenor denies the allegations contained in Paragraph 46 of the Complaint.

47.  Intervenor denies the allegations contained in Paragraph 47 of the Complaint.

48.  Intervenor denies the allegations contained in Paragraph 48 of the Complaint.

49. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint and therefore denies the same.

50. Intervenor denies that any images in or attached to the Complaint contain false copyright management information and otherwise denies the remaining allegations contained in Paragraph 50 of the Complaint.

51. Intervenor denies that any images in or attached to the Complaint contain false copyright management information and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and therefore denies the same.

52. Intervenor denies that any images in or attached to the Complaint contain false copyright management information and otherwise denies the remaining allegations contained in Paragraph 52 of the Complaint.

53. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. Intervenor denies the allegations contained in Paragraph 54 of the Complaint.

55. Intervenor denies the allegations contained in Paragraph 55 of the Complaint.

### [ALLEGED] DAMAGE TO PIC'S BUSINESS AND REPUTATION

56. Intervenor denies the allegations contained in Paragraph 56 of the Complaint.

57. Intervenor denies knowledge or information sufficient to form a belief as to how long Plaintiff has done business and under what names and otherwise avers that paragraph 57 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Intervenor denies those allegations.

58. Intervenor denies the allegations contained in Paragraph 58 of the Complaint.

59. Intervenor denies knowledge or information concerning the truth of the allegation that Plaintiff and Defendant are not affiliated and otherwise denies the allegations contained in Paragraph 59 of the Complaint.

60. Intervenor denies the allegations of Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Intervenor denies those allegations. Intervenor denies the remaining allegations contained in Paragraph 61 of the Complaint.

## COUNT I
### (Copyright Infringement, 17 U.S.C. § 501)

62. Intervenor repeats and re-alleges the answers of the foregoing paragraphs as though fully set forth herein.

63. Intervenor denies the allegations of Paragraph 63 of the Complaint.

64. Intervenor denies the allegations of Paragraph 64 of the Complaint.

65. Intervenor denies the allegations of Paragraph 65 of the Complaint.

66. Intervenor denies the allegations of Paragraph 66 of the Complaint.

## COUNT II
### (Integrity of Copyright Management Information, 17 U.S.C. § 1202)

67. Intervenor repeats and re-alleges the answers of the foregoing paragraphs as though fully set forth herein.

68. Paragraph 68 of the Complaint sets forth a legal conclusion to which no response is required. To the extent any response is required, Intervenor denies those allegations. Intervenor otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and therefore denies the same.

69. Paragraph 69 of the Complaint sets forth a legal conclusion to which no response is required. To the extent any response is required, Intervenor denies those allegations. Intervenor otherwise denies the allegations contained in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint sets forth a legal conclusion to which no response is required. To the extent any response is required, Intervenor denies those allegations. Intervenor otherwise denies the allegations contained in Paragraph 70 of the Complaint.

71. Intervenor denies the allegations of Paragraph 71 of the Complaint.

## COUNT III
### (Unfair And Deceptive Trade Practices, Mass. Gen. L. ch. 93A)

72. Intervenor repeats and re-alleges the answers of the foregoing paragraphs as though fully set forth herein.

73. Intervenor denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of the Complaint and therefore denies the same.

74. Paragraph 74 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Intervenor denies those allegations. Intervenor otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 74 of the Complaint and therefore denies the same.

75. Paragraph 75 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Intervenor denies those allegations.

76. Paragraph 76 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Intervenor denies those allegations.

77. Intervenor denies the allegations of Paragraph 77 of the Complaint.

78. Intervenor denies the allegations of Paragraph 78 of the Complaint.

79. Intervenor denies the allegations of Paragraph 79 of the Complaint.

## RELIEF REQUESTED

Intervenor denies each allegation of the Complaint not expressly admitted herein and denies that Plaintiff is entitled to any of the relief requested in ¶¶ A-T of the Complaint.

## AFFIRMATIVE DEFENSES

Intervenor alleges and asserts the following affirmative defenses in response to the allegations by Plaintiff, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff has engaged in copyright misuse and/or has unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver and release.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of laches and estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the statute of limitations under the Copyright Act.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by its execution of the

Agreement with OSI, expressly allowing for some or all of the conduct alleged in Plaintiff's Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims (including but not limited to Plaintiff's claims for statutory damages and attorneys' fees) are barred for failure to comply with renewal, notice, and registration requirements, and/or other formalities.

Intervenor respectfully reserves the right to amend its answer to add additional or other defenses or to delete or withdraw defenses, or to add counterclaims as may become necessary after a reasonable opportunity for appropriate discovery.

WHEREFORE, Intervenor requests the following relief:

(a)  That Plaintiff be denied all relief sought in the Complaint;

(b)  That the claims asserted in the Complaint be dismissed with prejudice;

(c)  That Defendant and Intervenor be awarded its attorneys' fees and costs pursuant to, *inter alia*, 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d); and

(d)  Any such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of November, 2015.

        **KILPATRICK TOWNSEND & STOCKTON LLP**

        */s/ David Caplan*
        David Caplan (BBO #67220)
        21 Eliot Street
        Natick, Massachusetts 01760
        (508) 651-4900
        DCaplan@KilpatrickTownsend.com

        Joseph Petersen (admitted *pro hac vice*)
        Robert N. Potter (admitted *pro hac vice*)
        1114 Avenue of the Americas
        New York, NY 10036
        (212) 775-8700

JPetersen@KilpatrickTownsend.com
RPotter@KilpatrickTownsend.com

*Attorneys for OSRAM SYLVANIA, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically this 6th day of November 2015 to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ David Caplan*
David Caplan